[File No. 6281.]

L. R. BAIRD, as Receiver of the Golden Valley State Bank, Beach, North Dakota, Appellant, v. J. P. REEVE, Respondent.

(256 N. W. 646.)

Opinion filed October 4, 1934.

*Zuger & Tillolson,* for appellant.

*B. H. Bradford,* for respondent.

CHRISTIANSON, J. Plaintiff brought this action to recover upon certain promissory notes executed by the defendant on or about December 21, 1925, and payable to the order of the Golden Valley State Bank.

The defendant's answer admits the execution and delivery of the notes but alleges that certain notes were executed and delivered by the defendant to said bank without consideration; that the notes in suit are renewals of such former notes, and that they were obtained by fraud and misrepresentation on the part of the officers of said bank.

In the answer it is further alleged that at the solicitation and direction of the managing officers of the said bank the defendant procured a conveyance to his wife of certain store property in Beach upon which the bank held a mortgage and that the defendant, at the direction and solicitation of such officers, proceeded to handle such property; that he paid off a first mortgage thereon, also paid taxes on the property and expended moneys for the upkeep thereof and that the amounts so expended exceeded the amount of the income received and judgment is asked for the amount so expended in excess of the income. By stipulation of the parties the case was tried to the court without a jury and resulted in findings of fact in favor of the defendant. The plaintiff moved for a new trial. The motion was denied and plaintiff has appealed from the judgment and from the order denying a new trial.

It is undisputed that the notes in question here were given as a result of a transaction wherein the defendant assigned and endorsed to the bank a certain note, or notes, executed by one Nelson. It is the contention of the defendant that the Nelson note was endorsed without recourse; that consequently there was no liability on his part on the Nelson note and that the notes in suit here, which were given at the solicitations of officers of such bank in alleged renewal of the Nelson note, were wholly without consideration. Under the evidence there can be no doubt that unless the defendant Reeve was liable upon the Nelson note he did not receive any consideration for the notes in suit.

Only three witnesses testified regarding the transaction that forms the basis of this lawsuit, namely, Halstead, Fuller and the defendant Reeve. Fuller was the assistant cashier of the said bank and Halstead was either bookkeeper or assistant cashier.

The witness Halstead and the defendant Reeve appeared personally and testified upon the trial. The testimony of the witness Fuller was presented by deposition.

The trial court, among others, made the following findings of fact:
"That the plaintiff is the duly appointed, qualified and acting Re-

ceiver of the Golden Valley State Bank of Beach, North Dakota, an insolvent banking corporation, . . .

"That on or about the 13th day of January, 1917, one Thomas Heyward was the Cashier of the said bank, and one R. C. Fuller was the Assistant Cashier thereof, and that on or about that date the said Heyward solicited the defendant, J. P. Reeve, to purchase Lot 10 of Block 2 of the original townsite of Beach, North Dakota, which property was then owned by one James Frost, and advised the said defendant that the bank had a purchaser for this property, but that he, Heyward, was unable to purchase the same from Frost and further advised the defendant as to the amount which he could pay for the premises and that he should pay for the same by a check on the Golden Valley State Bank and that if the sale was carried through, the bank would pay to the defendant Reeve one half of the profits arising therefrom, and that the bank would finance the transaction insofar as the sale of the said property to the bank's purchaser, one Jno. Nelson, was concerned. That thereupon the said defendant did purchase the premises from the said James Frost and did on said day take a deed from the said James Frost to the defendant covering the said premises, and immediately thereafter and upon the same day the defendant, together with his wife, made, executed, and delivered a deed of the said premises to the said John Nelson and simultaneously therewith, the said John Nelson and Anna Nelson, his wife, made, executed and delivered to J. P. Reeve the defendant herein, a mortgage of the said premises, for the sum of forty-five hundred ($4500) dollars, to secure a note of that amount made by Jno. Nelson and Anna Nelson as makers, to J. P. Reeve, the defendant herein, as payee. That the said last described deed, mortgage, and note, were drawn and prepared in the banking office of the Golden Valley State Bank, and thereupon the said mortgage, together with the note secured thereby was by a written instrument duly assigned by the defendant to the said Golden Valley State Bank, and the said note was duly endorsed by the defendant, J. P. Reeve, without recourse and thereupon the account of J. P. Reeve in the said bank was credited with the amount of said note, and the transaction was balanced by the check of J. P. Reeve given to James Frost for the purchase price of the said property and a check was made by the said Reeve to the Cashier of the said bank for one half of the said profits, amounting to $282, and

thereupon and thereafter the said Thomas Heywood and R. C. Fuller divided the said amount between them. . . .

"That on or about the 1st day of December, 1917, the Golden Valley State Bank renewed the said note by taking a new note from the said John Nelson direct to the said bank, and again on or about the 1st day of December, 1918, the bank renewed the note by a note signed by John Nelson and payable to the Golden Valley State Bank. That at no time during the said two years from Jan. 13, 1917, did the bank or its officers even demand payment of the said note from the said defendant nor assert that there was any liability on his part thereon, and that the said renewals were made without the defendant's knowledge or consent and the said bank never notified the defendant Reeve of the dishonor of the said first note.

"That on or about the month of July, 1919, the Golden Valley State Bank by and through its then Cashier, R. C. Fuller, took and received from the said Jno. Nelson, a deed of the premises covered by the said mortgage and securing the said debt, and at the same time took from the said Jno. Nelson a Bill of Sale of the personal property contained in the building upon the said premises and thereafter disposed of the said personal property or a portion thereof.

"In the month of October, 1919, the said Bank through its Cashier R. C. Fuller, solicited the defendant to allow and permit the said mortgage to be foreclosed in the name of the defendant without liability on his part and for the accommodation of the bank and not otherwise, and further solicited him to purchase the said premises at the foreclosure sale, and to thereafter assign the Certificate of Sale to the said bank; that upon such solicitation the defendant advised the said bank, through its officers, that he could probably obtain a deed of the said premises from Nelson for a nominal figure and thus save the bank the cost of foreclosure, and thereupon the said bank by and through its officers authorized and directed the said defendant to obtain a deed of the said premises if the same could be done at a nominal cost, and directed this defendant to take the said deed in the name of Clara B. Reeve and thereafter to make a deed thereof to the Golden Valley State Bank; and that pursuant to such direction, the defendant did obtain a deed from the said Jno. Nelson in the month of December, 1919, and did immediately thereafter offer and tender to the Golden Valley State

Bank a deed of the said premises signed by Clara B. Reeve, and the defendant herein. . . ."

The court further found that the officers of the Golden Valley State Bank represented to the defendant that the Nelson note bearing his endorsement had been pledged by the Golden Valley State Bank as collateral security to a loan from the Northwestern National Bank of Minneapolis; that the defendant's endorsement on the note had not been made without recourse, but was an endorsement in blank; that consequently he was responsible thereon to the then holder, who held it as an innocent purchaser; that in order to satisfy the pledgee it would be necessary for the Golden Valley State Bank to have the note renewed but that as soon as such bank was able to redeem the pledge and obtain possession of the note it would return the note to the defendant and the defendant and his wife would then convey the store property to the bank and the transaction out of which the note arose would be completed. That in reliance upon such agreement of the officers of the Golden Valley State Bank and while contending that he was not liable on the note and that his endorsement thereto was in fact made without recourse he executed and delivered his note as requested by the officers of the Golden Valley State Bank. The trial court further found that before the defendant executed and delivered such note at the solicitation of the officers of the Golden Valley State Bank, such bank and its officers had obtained a deed from Nelson for the real property covered by the mortgage which secured the note on which the alleged liability against the defendant is predicated and that at the same time the bank and its officers also had taken a bill of sale from Nelson of certain personal property in the store. The trial court further found that when such deed and bill of sale were taken that "it (Golden Valley State Bank) intended to and did thereby settle the indebtedness represented by the said note, and that the plaintiff having failed to produce the said original note, it is presumed to have been delivered to the said John Nelson at the time of such settlement, and the Court further finds as a fact that the said R. C. Fuller, Cashier of the Golden Valley State Bank, wilfully and fraudulently deceived the defendant as follows: That he wilfully, fraudulently and falsely stated to the defendant . . . that the bank had not received a deed of the said premises from Nelson, and that such false statement was made

with intent to prevail upon the defendant to believe that a debt then existed on account of the said note and that the defendant was liable thereon; that he further falsely, fraudulently, and wilfully stated to the defendant that the defendant's endorsement upon the said note was in blank when in truth and in fact it was an endorsement without recourse, and that such statement was made to the defendant for the purpose of causing him to believe that he was liable upon the said note as such endorser and the said R. C. Fuller further fraudulently, falsely and wilfully stated to the defendant that the said note was then and there pledged and in the hands of an innocent purchaser, and that by reason thereof could not be produced by the Golden Valley State Bank for examination as to such endorsement, and that by reason of such pledge, the defendant was liable to the innocent holder of the note thereon, and that such false and fraudulent representations were made by the said R. C. Fuller with the intent to deceive this defendant and to procure from him a renewal of the said note; that in truth and in fact the said R. C. Fuller well knew that the endorsement of this defendant upon the said note was an endorsement without recourse and knew that the defendant was not liable thereon, and further knew that the Golden Valley State Bank had taken a deed and Bill of Sale in settlement of said indebtedness and that no indebtedness then existed and that the defendant relied upon the statement of the said R. C. Fuller that the bank had not taken a deed of the premises, and that the said note was pledged and in the hands of an innocent purchaser, and further relied upon his promise and agreement that if and when the said pledge was redeemed, the bank would take over the said premises and cancel the said note, together with defendant's renewal thereof, if made, and was moved thereby to execute the said renewal note and the subsequent renewal notes. . . .

"The Court further finds that . . . the bank took and received a deed from Jno. N. Nelson of the said property, that it was reasonably worth the sum of $7,500 or approximately the amount of the indebtedness upon account of the first mortgage upon the said premises, which then amounted to approximately $3,000, and the amount of the said debt to the said bank which then amounted to $4,500, and that the personal property contained in the said building and for which the bank

received a Bill of Sale had considerable value over and above the encumbrances thereon."

No good purpose would be subserved by reciting the testimony of the several witnesses. It is sufficient to say that in some particulars there is a square conflict between the testimony of Halstead and Fuller on the one hand and that of the defendant Reeve on the other, the principal conflict being between Halstead and the defendant. In the instances where the conflict related to material matters the trial court resolved the conflict in favor of the testimony given by the defendant; that is, the trial court, who saw both Reeve and Halstead and heard their testimony as it came from their lips, and who also heard the testimony of Fuller contained in the deposition, believed that Reeve told the truth and that the facts were as delineated in his testimony.

We have considered and reviewed the evidence with great care, and after weighing all the evidence in light of the findings of the trial court we are all agreed that the findings are in accord with the weight of the evidence and that the judgment appealed from must be affirmed. It is so ordered.

BURR, Ch. J., and BURKE, NUESSLE and MOELLRING, JJ., concur.